UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID JOSEPH VON BARGEN,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No.   1:16-CV-261-BLW<br>              1:11-CR-143-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it the Government's Motion to Stay this § 2255 proceeding (Dkt. 21). For the reasons discussed below, the Court will deny in part, and will hold in abeyance in part, the Motion to Stay.

## BACKGROUND

In the underlying criminal case, Petitioner David Joseph Von Bargen was charged with destroying Government property (a pickup truck and ATV), setting fire to a lumber warehouse, and possessing stolen firearms. He and a co-defendant used Molotov Cocktails to set fire to the vehicles and the warehouse in an attempt to divert police away from their burglary of a pawnshop in Fruitland.

Following a jury trial, Von Bargen was convicted on four counts, three of

MEMORANDUM DECISION AND ORDER - 1

which are relevant to this proceeding: Count One, for violating 18 U.S.C. § 924(c) by using or carrying a firearm "in relation to any crime of violence," and Counts Three and Four for arson in violation of 18 U.S.C. § 844(f) and § 844(i), respectively.

On June 22, 2016, Von Bargen filed his § 2255 petition seeking to vacate his § 924(c) conviction. In this petition, Von Bargen argues that, following the U.S. Supreme Court's decision in *Johnson v. United States,* 135 S. Ct. 2551 (2015), his convictions for arson are not "crimes of violence," and that his conviction under § 924(c) must therefore be set aside. Setting aside Von Bargen's § 924(c) conviction would have a substantial impact on his sentence—of his total sentence of 444 months, 384 months were imposed for the § 924(c) conviction.

In an order entered April 27, 2017, the Court dismissed Von Bargen's petition, finding that the holding in *Johnson*, which invalidated as unconstitutionally vague the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), did not extend to invalidate the residual clause of § 924(c)(3)(B).

Von Bargen appealed and on June 24, 2019, while the appeal was pending, the Supreme Court issued its decision in *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), holding that the residual clause of § 924(c)(3)(B) is

unconstitutionally vague. The Ninth Circuit vacated this Court's dismissal of Von Bargen's § 2255 petition and remanded with instructions for this Court "to reconsider its ruling in light of *Davis*, including whether the challenged convictions are crimes of violence under 18 U.S.C. § 924(c)(3)(A)." (Dkts. 15, 16.)

Following remand, this Court directed the parties to submit supplemental briefing. (Dkt. 17.) Von Bargen filed his supplement on May 19, 2020. (Dkt. 18.) However, rather than file a response to Von Bargen's supplement, the Government moved to stay the case until resolution of pending litigation in the Supreme Court and the Ninth Circuit. (Dkt. 21.) The Government's motion to stay is currently pending before the Court.

## LEGAL STANDARD

A Court's power to stay proceedings pending the resolution of another case is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "A trial court may, with propriety, find it is efficient for its own docket, and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal.*, 593 F.2d 857, 863 (9th Cir. 1979).

In determining whether a stay is appropriate, the court must weigh "the

competing interests which will be affected by the granting or refusal to grant a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citation omitted). The "proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 709 (1997) (citing *Landis*, 299 U.S. at 255). If there is "even a fair possibility" of harm to the opposing party, the moving party "must make out a clear case of hardship or inequity in being required to go forward." *Lockyer*, 398 F.3d at 1112 (citing *Landis*, 299 U.S. at 254). In habeas cases, "special considerations" are implicated "that place unique limits on a district court's authority to stay a case in the interests of judicial economy." *See Yong v. INS*, 208 F.3d 1116, 1120 (9th Cir. 2000). If a stay is especially long or its term is indefinite," the Court "require[s] a greater showing to justify it." *Id.* at 1119.

## ANALYSIS

To be a "crime of violence" under § 924(c), the crime must include as an element, the "use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

In his petition, as supplemented, Von Bargen raises three arguments as to why neither of his arson convictions categorically[1] qualify as a "crime of violence"

---

[1] In determining whether a conviction is a "crime of violence" under 18 U.S.C. § 924(c), (Continued)

under § 924(c)(3)(A). First, Von Bargen argues that his arson convictions do not categorically require the use of force against the person or property "of another" because a defendant can be convicted for targeting their own property. In support of this argument, Von Bargen cites to the plain language of § 844(f) [2] (making it unlawful to maliciously damage or destroy any property that is "in whole or in part owned or possessed by, or leased to, the United States, or any department or agency thereof, *or any institution or organization receiving Federal financial assistance*" (emphasis added)); and *United States v. Hersom*, 588 F.3d 60, 68 (1st Cir. 2009) (upholding a § 844(f) conviction for arson committed against privately owned property where property owner received federal financial assistance).

Second, Von Bargen argues that neither of his arson convictions categorically require the "use of force" because the crimes can be committed "maliciously." In support, Von Bargen cites to *United States v. Monroe*, 178 F.3d 304, 306 (5th Cir. 1999) (upholding § 844 arson conviction where the defendant

---

the Court applies a categorical approach. See *United States v. Benally*, 843 F.3d 350, 352 (9th Cir. 2016). "Under this approach, we do not look to the particular facts underlying the conviction, but 'compare the elements of the statute forming the basis of the defendant's conviction with the elements of' a 'crime of violence.'" *Id.* (citing *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013)).

[2] The Government concedes that § 844(i) does not categorically require property "of another." (*See Gov't Mtn to Stay*, Dkt. 22 at 2 n.1.) Thus, § 844(i) does not categorically qualify as a "crime of violence" under 924(c)(3)(A).

**MEMORANDUM DECISION AND ORDER - 5**

stole a stove from his former apartment, leaving a gas line unstopped which resulted in a fire).

Third, Von Bargen argues that his arson convictions do not categorically qualify as a crime of violence because they can be committed with a *mens rea* of maliciousness or recklessness and reckless conduct does not involve "intentional use of force" under Ninth Circuit precedent. It is only in relation to this third issue—the *mens rea* issue—that the Government seeks a stay.

The Government does not argue that a stay is necessary as to the first two issues raised by Von Bargen. The Government also does not dispute that if Von Bargen prevails on either of the first two issues there is no need for the Court to reach Von Bargen's third issue—the *mens rea* issue—upon which the Government seeks a stay. The Government has therefore not met its burden of establishing its need to stay resolution of the first two issues raised by Von Bargen. *See Clinton*, 520 U.S. at 709.

Based on the foregoing, the Court will deny in part the Government's motion to stay and will order briefing to proceed on the first two issues raised by Von Bargen: (1) whether arson under § 844(f) or § 844(i) categorically requires "property of another"; and (2) whether arson under § 844(f) or § 844(i) categorically requires the "use of force." The Court will hold in abeyance the

Government's request that the case be stayed as to the third issue raised by Von Bargen: whether the *mens rea* of maliciousness or recklessness categorically requires "intentional use of force."

## ORDER

**IT IS ORDERED that** the Government's Motion to Stay (Dkt. 21) is DENIED in part and held in ABEYANCE in part.

1. The motion to stay is DENIED as to the following issues raised by Von Bargen in his petition, as supplemented: (1) whether arson under § 844(f) or § 844(i) categorically requires "property of another"; and (2) whether arson under § 844(f) or § 844(i) categorically requires the "use of force."

    a. The Government shall submit a response brief, limited to the foregoing two issues, on or before **January 22, 2021,** with such response not to exceed 12 pages in length.

    b. Von Bargen shall file a reply brief, limited to the foregoing two issues, on or before **February 19, 2021**, with such reply not to exceed 12 pages in length.

2. The Court will hold in ABEYANCE the Government's request that the case be stayed in relation to the third issue raised by Von Bargen: whether the *mens rea* of maliciousness or recklessness categorically

involves "intentional use of force."

DATED: December 31, 2020

B. Lynn Winmill
U.S. District Court Judge